1  BLAKE J. RUSSUM (SBN 258031)
   JACLYN D. CONOVER (SBN 266749)
2  ROPERS MAJESKI PC
   1001 Marshall Street, 5th Floor
3  Redwood City, CA 94063
   Telephone:    650.364.8200
4  Facsimile:    650.780.1701
   Email:        blake.russum@ropers.com
5                jaclyn.conover@ropers.com

6  Attorneys for Defendant
   GENERAL INSURANCE COMPANY OF
7  AMERICA, erroneously sued as SAFECO
   INSURANCE, a LIBERTY MUTUAL Company
8  doing business as GENERAL INSURANCE
   COMPANY OF AMERICA

9

10                   UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

12

13 | SHARIDAN STILES,                         | Case No.
14 |         Plaintiff,                       | **(Former Shasta County Superior Court Case No. 195472)**
15 |   v.                                     |
16 | SAFECO INSURANCE, a LIBERTY              | **PETITION FOR REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTION 1441(b) [DIVERSITY JURISDICTION]**
17 | MUTUAL Company doing business as GENERAL INSURANCE COMPANY OF AMERICA; SELECT PORTFOLIO |
18 | SERVICE, Inc.,; and DOES 1 through 20, inclusive, | **[DEMAND FOR JURY TRIAL]**
19 |                                          |
20 |         Defendants.                      |

21      **TO PLAINTIFF, HER ATTORNEYS OF RECORD IN THIS ACTION, AND THE**

22 **CLERK OF THE ABOVE-ENTITLED COURT:**

23      PLEASE TAKE NOTICE that Defendant GENERAL INSURANCE COMPANY OF

24 AMERICA, erroneously sued as SAFECO INSURANCE, a LIBERTY MUTUAL Company

25 doing business as GENERAL INSURANCE COMPANY OF AMERICA ("Defendant" or

26 "General"), hereby removes to the United States District Court for the Eastern District of

27 California, the State Court action described below:

28 ///

4848-3831-4183.2

PETITION FOR REMOVAL OF CIVIL
ACTION TO DISTRICT COURT

1. On July 27, 2020, Plaintiff Sharidan Stiles ("Plaintiff") filed this action in the Superior Court for the State of California in and for the County of Shasta, Case No. 195472, entitled *Sharidan Stiles vs. Safeco Insurance, a Liberty Mutual Company, doing business as General Insurance Company of America; Select Portfolio Service, Inc.; and Does 1 through 20, inclusive*. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

2. The Summons and Complaint were served upon General through its designated agent for service of process on July 31, 2020. The documents set forth in Exhibit "A" constitute all of the process, pleadings, and orders received by General.

3. Plaintiff brings a lawsuit alleging causes of action for general negligence, intentional tort, breach of contract, bad faith, and defamation. (Exhibit "A", Complaint.)

4. A civil action brought in state court of which the federal court has original jurisdiction may be removed to the district court for the district embracing the place where such action is pending. (28 U.S.C. § 1441(a).) Federal courts have jurisdiction over controversies before "Citizens of different states" pursuant to 28 U.S.C. Section 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution. (*Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460-61 (1980).) Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. (28 U.S.C. § 1332(a).) "Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000 (C.D. Cal. 2002).)

5. "This calculation takes into account claims for 'general' damages and 'special' damages (pain and suffering, as well as out-of-pocket loss)." (*Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995).) The removing party "need not predict the trier of fact's eventual award with one hundred percent accuracy." (*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).) Instead, in measuring the amount in controversy, the Court must "assume that the allegations of the complaint are true and assume that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." (*Jackson v. American Bankers Ins. Co. of Florida*,

1  976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see, *Kenneth Rothschild Trust*, *supra*, 199 F. Supp. 2d at 1001; see also, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in controversy analysis presumes that "plaintiff prevails on liability").)

6.  The determination of citizenship for diversity purposes is governed by federal rather than state law. (*Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).)  In determining whether diversity of citizenship exists, only the named defendants are considered. (*Newcombe v. Adolf Coors Co.*, 157 F3d 686, 690–691 (9th Cir. 1998).)  The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. (28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.* 311 F.3d 966, 971 (9th Cir. 2002).)  For diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 USC § 1332(c)(1).)

7.  "In determining whether removal is proper, a court may consider any evidence so long as it reveals the situation that existed when the case was removed." (*Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 U.S. Dist. LEXIS 20339 (N.D. Cal. Nov. 4, 2003).)  For that reason, the Court's inquiry into the citizenship of the parties and the amount in controversy is not confined to the face of the complaint. (*Valdez*, *supra*, 372 F.3d at 1117.)  In addition to the complaint, the district court may properly consider "facts in the removal petition" as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see, *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).)

8.  The District Court has original jurisdiction over this civil action under 28 U.S.C. Section 1332.  The amount in controversy exceeds $75,000, exclusive of interests and costs, based upon the damages that Plaintiff alleges she is entitled to recover under California law.  In addition, complete diversity exists between the parties in this action, Plaintiff, General, and Defendant Select Portfolio Servicing, Inc.

9. In her Complaint, Plaintiff alleges her home is uninhabitable and unsaleable due to General's alleged refusal to honor her insurance claim for damage to her home caused by the Carr Fire. Plaintiff's Complaint seeks breach of contract damages, and special damages for bad faith, defamation, exemplary/punitive damages. (Exhibit "A", Compl. p. 3.) The substantive law of California applies to this diversity action. (*Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995).)

10. On March 25, 2019, Plaintiff submitted an estimate to General from Horizon One Construction Inc. for a complete demolition, disposal, and rebuilding of Plaintiff's 1,296-square foot dwelling, in purported support of her claim for damages as a result of the Carr Fire, in addition to other estimates and claim expenses. The Horizon One Construction Inc. estimate alone totals $451,620. (Declaration of Andrew Rudeen, ¶ 4.) Plaintiff contends a breach of contract due to General's alleged failure to pay this amount. Accordingly, Plaintiff claims breach of contract damages well in excess of the $75,000 jurisdictional requirement.

11. Furthermore, Plaintiff alleges a cause of action for bad faith (breach of the implied covenant of good faith and fair dealing). (Exhibit "A", Compl. p.3.) Under California law, attorneys' fees that Plaintiffs incur to obtain contract benefits are considered an element of compensatory damages that they may recover should they prevail on their cause of action for breach of the implied covenant of good faith and faith dealing. (*Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).) A claim for attorney's fees is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. (*Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (observing, "'When the applicable substantive law makes the award of an attorney's fee discretionary, a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy'"); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Conrad & Assoc. v. Hartford Accident and Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998); see also, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002); *Walker v. Motricity Inc.*, 627 F. Supp. 2d 1137, 1143 (N.D. Cal. 2009).) Therefore, the district court must consider Plaintiffs' alleged attorneys' fees as an element of the amount in controversy in this case. (*Surber v. Reliance Nat'l*

*Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).)

12. Additionally, as set forth above, Plaintiffs seek punitive damages and allege that General is guilty of malice, oppression and fraud. (Exhibit "A", Compl. p.3.) A claim for punitive damages is part of the amount in controversy because they are potentially recoverable in this case. (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).) Under California law, punitive damages are recoverable against an insurance company that breaches the implied covenant of good faith and fair dealing if the plaintiff proves by clear and convincing evidence that the defendant was guilty of oppression, fraud, or malice. (Cal. Civ. Code §3294(a); *Richmond*, *supra*, 897 F. Supp. at 450; see, e.g., *Hangarter*, *supra*, 373 F.3d at 1014 (upholding award of punitive damages of $5,000,000 for punitive damages -- a 2.6:1 ratio of punitive damages to compensatory damages -- in a bad faith action arising from the termination of disability benefits).)

13. These circumstances compel the conclusion that it is "facially apparent" from the Complaint that Plaintiff's claims are in excess of the $75,000 federal jurisdictional threshold, even though the complaint does not specify the amount of breach of contract damages, and special damages for bad faith, defamation, exemplary damages. (See, e.g., *White v. FCI USA, Inc.*, 319 F3d 672, 674 (5th Cir. 2003).)

14. Additionally, there is complete diversity of citizenship between the real parties in interest in this case, Plaintiff, General, and Defendant Select Portfolio Servicing, Inc.

15. Plaintiff is a citizen and resident of the State of California, who resides at 2570 Harlan Drive, Redding, CA 96001. (Exhibit "A", Compl. p. 4; Request for Judicial Notice, ¶ 1.)

16. Defendant Select Portfolio Servicing, Inc. is a corporation organized under the laws of State of Utah, with a principal place of business in Salt Lake City, Utah. (Request for Judicial Notice, ¶ 2.)

17. General is a corporation organized under the laws of the State of New Hampshire. (Declaration of Michael Garvey, ¶ 3.) General's principal place of business is in Boston, Massachusetts, where its high level officers that direct, control, and coordinate its activities are located. (Declaration of Michael Garvey, ¶ 3.) Thus, complete diversity between the parties

1 | exists. (28 U.S.C. § 1332(a)(1)(C)(1).)

2 | 18. Although the Complaint names "DOES 1 through 10" as defendants in this action, the citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. (28 USC §1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir 2002).) Named defendants have no obligation to disclose the identity of Doe defendants before discovery, (*Newcombe, supra,* 157 F3d at 690-691), or to negate the existence of a potential defendant whose presence would destroy diversity. (See, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005).) Therefore, the inclusion of "Doe" defendants in the Complaint has no effect on removability. (*Newcombe, supra*, 157 F.3d at 690-691.)

19. Defendant Select Portfolio Servicing, Inc. has not been served with the Complaint, nor has General been served with a proof of service indicating that Defendant Select Portfolio Servicing, Inc. been served in the action. Therefore, Defendant Select Portfolio Servicing, Inc.'s joinder in the instant petition for removal is not necessary. (*Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).)

20. Thus, this action may be removed to this Court by General pursuant to 28 U.S.C. §1441, Subdivision (b), because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §1332 (a)(1)(c)(1).

21. Pursuant to 28 U.S.C. § 1446, subdivision (a), General has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants" in this action.

///
///
///
///
///
///
///

22. A true and correct copy of this petition shall be contemporaneously filed in the office of the clerk for the Superior Court of Shasta County.

Dated: August 28, 2020                             ROPERS MAJESKI PC

By: /s/ Blake J. Russum
    BLAKE J. RUSSUM
    JACLYN D. CONOVER
    Attorneys for Defendant
    GENERAL INSURANCE COMPANY OF AMERICA, erroneously sued as SAFECO INSURANCE, a LIBERTY MUTUAL Company doing business as GENERAL INSURANCE COMPANY OF AMERICA

### DEMAND FOR JURY TRIAL

Defendant GENERAL INSURANCE COMPANY OF AMERICA, erroneously sued as SAFECO INSURANCE, a LIBERTY MUTUAL Company doing business as GENERAL INSURANCE COMPANY OF AMERICA, hereby demands a trial by jury pursuant to Rule 38, subdivision (a) of the Federal Rules of Civil Procedure.

Dated: August 28, 2020                             ROPERS MAJESKI PC

By: /s/ Blake J. Russum
    BLAKE J. RUSSUM
    JACLYN D. CONOVER
    Attorneys for Defendant
    GENERAL INSURANCE COMPANY OF AMERICA, erroneously sued as SAFECO INSURANCE, a LIBERTY MUTUAL Company doing business as GENERAL INSURANCE COMPANY OF AMERICA

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SHARIDAN STILES  Assisted by: Gwendolyn Jackson<br>2570 Harlan Drive  Shasta County LDA #022<br>Redding, CA 96001  2761 Bechelli Lane<br>  Redding, CA 96002<br><br>TELEPHONE NO.: (530) 339-1933  FAX NO. (Optional): (530) 244-3779<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff In Propria Persona | **FILED**<br><br>JUL 27 2020<br><br>CLERK OF THE SUPERIOR COURT<br>BY: K. BOWMAN, DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
STREET ADDRESS: 1500 Court Street, Room 319
MAILING ADDRESS:
CITY AND ZIP CODE: Redding, California 96001
BRANCH NAME:

PLAINTIFF: SHARIDAN STILES

DEFENDANT: SAFECO INSURANCE, a Liberty Mutual Co., dba General Insurance
[x] DOES 1 TO 20 Company of America; SELECT PORTFOLIO SERVICING, Inc.;

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number)*:
Type *(check all that apply)*:
[ ] **MOTOR VEHICLE**   [x] **OTHER** *(specify)*: Breach/Insurance Coverage
[x] **Property Damage**  [ ] **Wrongful Death**
[x] **Personal Injury**   [x] **Other Damages** *(specify)*: Bad Faith; Defamation

CASE NUMBER:

**195472**

**Jurisdiction** *(check all that apply)*:
[ ] **ACTION IS A LIMITED CIVIL CASE**
   Amount demanded [ ] does not exceed $10,000
        [ ] exceeds $10,000, but does not exceed $25,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

1. **Plaintiff** *(name or names)*: SHARIDAN STILES
   alleges causes of action against **defendant** *(name or names)*:
   SAFECO INSURANCE, a LIBERTY MUTUAL Company, dba GENERAL INSURANCE COMPANY Of AMERICA, et al.

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE: SHARIDAN STILES (vs. SAFECO INSURANCE, a LIBERTY MUTUAL Company, dba GENERAL INSURANCE COMPANY Of AMERICA; et al.) | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. [x] except defendant *(name):* SAFECO INSURANCE
      (1) [x] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*
      (4) [ ] a public entity *(describe):*
      (5) [ ] other *(specify):*

   c. [x] except defendant *(name):* Liberty Mutual Insurance
      (1) [x] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*
      (4) [ ] a public entity *(describe):*
      (5) [ ] other *(specify):*

   b. [x] except defendant *(name):* General Insurance Company
      (1) [x] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*
      (4) [ ] a public entity *(describe):*
      (5) [ ] other *(specify):*

   d. [x] except defendant *(name):* Select Portfolio Servicing
      (1) [ ] a business organization, form unknown
      (2) [x] a corporation
      (3) [ ] an unincorporated entity *(describe):*
      (4) [ ] a public entity *(describe):*
      (5) [ ] other *(specify):*

   [ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. [x] Doe defendants *(specify Doe numbers):* One through Ten   were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. [x] Doe defendants *(specify Doe numbers):* Eleven through Twenty   are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. [ ] at least one defendant now resides in its jurisdictional area.
   b. [x] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. [x] injury to person or damage to personal property occurred in its jurisdictional area.
   d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, **or**
   b. [ ] is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 2 of 3

| SHORT TITLE: SHARIDAN STILES (vs. SAFECO INSURANCE, a LIBERTY MUTUAL Company, dba GENERAL INSURANCE COMPANY Of AMERICA; et al.) | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle
b. ☒ General Negligence
c. ☒ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☒ other *(specify):*

   Breach of Contract re Insurance Coverage; Bad Faith; Defamation

11. Plaintiff has suffered
a. ☐ wage loss
b. ☒ loss of use of property
c. ☒ hospital and medical expenses
d. ☒ general damage
e. ☒ property damage
f. ☐ loss of earning capacity
g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   5.a., b., and c; 8.b; 10.b., c.,e, and f; 11.b., c., d., and, e.

Date: July 27, 2020

SHARIDAN STILES
(TYPE OR PRINT NAME)

▶ /s/ Sharidan L. Stiles
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**          Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE:<br>SHARIDAN STILES (vs. SAFECO INSURANCE, et al.) | CASE NUMBER: |
|---|---|

One _____ **CAUSE OF ACTION—General Negligence**   Page 4 _____
(number)

ATTACHMENT TO [x] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: SHARIDAN STILES

alleges that defendant *(name)*: SAFECO INSURANCE, et al., and,

[x] Does   1 _____ to   20 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*:

at *(place)*: 2570 Harlan Drive, Redding, Shasta County, California

*(description of reasons for liability)*:

Defendants, and each of them, failed to act in a timely manner to protect and provide compensation to Plaintiff to be used for rehabilitation of Plaintiff's home following the CARR FIRE in July, 2018. Defendants negligent actions have directly and indirectly affected Plaintiff's ability to move on with her life and other business affairs, which have damaged her.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

PLD-PI-001(3)

| SHORT TITLE:<br>SHARIDAN STILES (vs. SAFECO INSURANCE, et al.) | CASE NUMBER: |
|---|---|

| Two _____<br>(number) | **CAUSE OF ACTION—Intentional Tort** | Page 5 |
|---|---|---|

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* SHARIDAN STILES

alleges that defendant *(name):* SAFECO Insurance, a LIBERTY MUTUAL Company, GENERAL INSURANCE Company and

[X] Does One to Twenty

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* from July, 2018 to Present

at *(place):* 2570 Harlan Drive, Redding, Shasta County, California

*(description of reasons for liability):*

Defendants, SAFECO INSURANCE, a LIBERTY MUTUAL Company, doing business as GENERAL INSURANCE COMPANY Of AMERICAN; and, SELECT PORTFOLIO SERVICING, Inc.; and DOES 1 through 20, have led Plaintiff on, promising to honor their contract with her and then deliberately refusing to do so following the CARR FIRE. Defendants' actions have been with wanton disregard for Plaintiff's welfare and well-being and for wanton disregard for the care and maintenance of her home, which Defendants' contracted with Plaintiff to protect. Defendants' actions have been intentional and have caused Plaintiff physical injury to her health, psychological, emotional and economic.

BAD FAITH: By not honoring their agreement to protect and provide monies to make reparations to Plaintiff's home, Defendants, and each of them, have acted in bad faith with the intent of causing Plaintiff harm, both physically and financially.

DEFAMATION: Plaintiff is informed and believes and thereon alleges that Defendants hired persons to spy on her and/or conspired with Plaintiff's neighbors to gather and report any information about Plaintiff with the intent of harming her reputation.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure § 425.12
www.courts.ca.gov

PLD-PI-001(6)

| SHORT TITLE: SHARIDAN STILES (vs. SAFECO INSURANCE, et al.) | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment    Page ___6___

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

EX-1. As additional damages against defendant (name):
SAFECO INSURANCE, a LIBERTY MUTUAL Company, doing business as GENERAL INSURANCE Company Of AMERICA; SELECT PORTFOLIO SERVICING, Inc.; and, DOES 1 through 20, Inclusive.

Plaintiff alleges defendant was guilty of
[✓] malice
[✓] fraud
[✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Plaintiff has made numerous attempts to work with Defendants, and each of them, since the CARR Fire damaged her home at 2570 Harlan Drive, Redding. Her initial insurance carrier, GENERAL INSURANCE COMPANY Of AMERICA (a SAFECO Company and a LIBERTY MUTUAL Company), refused to honor her insurance claim for the damages done; therefore, Plaintiff refused to continue to pay insurance premiums to said Defendants. Thereafter, her mortgage carrier, SELECT PORTFOLIO SERVICING, Inc., stepped in and added their own coverage to Plaintiff's home; however, they, too, refused to make reparations to Plaintiff's home. As a result, Plaintiff's home is uninhabitable and unsaleable. Defendants' actions, or lack thereof, have cause the value of Plaintiff's home to plummet.

Civil Code Section 3294(c)(1) defines "Malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Plaintiff alleges that Defendants have acted despicably and with a willful and conscious disregard for her rights or safety.

Civil Code Section 3294(c)(2) defines "Oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of the person's rights." Plaintiff alleges that Defendants have subjected her to cruel and unjust hardship in conscious disregard for her rights in that they were willing to take her money, but, when her claims were submitted, they refused to pay for repairs. She now has a home that is grossly damaged and barely habitable, and, she is forced to pay insurance premiums for no coverage.

Civil Code Section 3294(c)(3) defines "Fraud" as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Plaintiff alleges that Defendants, and each of them, intentionally misrepresented and concealed material facts known to them with the intent of depriving her of her right to a sound home, which has cause her injury, both to her property and her health.

EX-3. The amount of exemplary damages sought is
  a. [✓] not shown, pursuant to Code of Civil Procedure section 425.10.
  b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov