# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES,<br><br>   Plaintiff,<br><br>   v.<br><br>SAFECO INSURANCE,<br><br>   Defendant. | No. 2:20-CV-1731-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendant's motion to dismiss, ECF No. 11. The matter was submitted on the briefs without oral argument.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint, which was removed to this Court from the Shasta County Superior Court. See ECF No. 1. Plaintiff names Safeco Insurance Company and Select Portfolio Servicing, Inc., as defendants. See id. at 9. Plaintiff has voluntarily dismissed Select Portfolio Servicing, Inc. See ECF No. 18.

On the form complaint, Plaintiff states she is asserting claims for: (1) general negligence; (2) intentional tort; (3) breach of contract; (4) bad faith; and (5) and defamation. See id. at 11. For relief, Plaintiff seeks compensatory and punitive damages according to proof. See id.

For her general negligence claim, Plaintiff alleges:

> Defendants, and each of them, failed to act in a timely manner to protect and provide compensation to Plaintiff to be used for rehabilitation of Plaintiff's home following the CARR FIRE in July 2018. Defendants' negligence actions have directly and indirectly affected Plaintiff's ability to move on with her life and other business affairs, which have damaged her.

Id. at 12.

For her intentional tort claim, Plaintiff alleges:

> Defendants, SAFECO INSURANCE, a LIBERTY MUTUAL Company, doing business as GENERAL INSURANCE COMPANY OF AMERICA; and, SELECT PORTFOLIO SERVICING, Inc. . . . have led Plaintiff on, promising to honor their contract with her and then deliberately refusing to do so following the CARR FIRE. Defendants' actions have been with wanton disregard for Plaintiff's welfare and well-being and for wanton disregard for the care and maintenance of her home, which Defendants contracted with Plaintiff to protect. Defendants' actions have been intentional and have caused Plaintiff physical injury to her health, psychological, emotional and economic.

Id. at 13.

On the same attachment to her form complaint, entitled "CAUSE OF ACTION – Intentional Tort," Plaintiff adds:

> BAD FAITH: By not honoring their agreement to protect and provide monies to make reparations to Plaintiff's home, Defendants, and each of them, have acted in bad faith with the intent of causing Plaintiff harm, both physically and financially.

3

> DEFAMATION: Plaintiff is informed and believes and thereon alleges that Defendants hired persons to spy on her and/or conspired with Plaintiff's neighbors to gather and report any information about Plaintiff with the intent of harming her reputation.

Id. at 13.

Finally, on an attachment to the form complaint entitled "Exemplary Damages Attachment," Plaintiff alleges Defendants are guilty of malice, fraud, and oppression, for which she seeks punitive damages. Id. at 14. Plaintiff alleges the following additional facts:

> Plaintiff has made numerous attempts to work with Defendants, and each of them, since the CARR Fire damaged her home at 2570 Harlan Drive, Redding. Her initial insurance carrier, GENERAL INSURANCE COMPANY OF AMERICA (a SAFECO Company and a LIBERTY MUTUAL Company), refused to honor her insurance claim for damages done; therefor, Plaintiff refused to continue to pay insurance premiums to said Defendants. Thereafter, her mortgage carrier, SELECT PORTFOLIO SERVICING, Inc, stepped in and added their own coverage to Plaintiff's home; however, they, too, refused to make reparations to Plaintiff's home. As a result, Plaintiff's home is uninhabitable and unsaleable. Defendants' actions, or lack thereof, have cause the value of Plaintiff's home to plummet.

Id.

## II. DISCUSSION

In its motion to dismiss, Defendant argues Plaintiff cannot sustain a claim on any of the legal theories indicated in the complaint – general negligence, intentional tort, breach of contract, bad faith, and defamation.

### A. General Negligence

Defendant argues Plaintiff cannot sustain a stand-alone negligence claim against an insurer. See ECF No. 11-1, pgs. 12-13. The Court agrees. Under California law, any alleged negligent claims handling is subsumed in Plaintiff's breach of contract and bad faith claims. See Sanchez v. Lindsey Morden Claims Servs., Inc., 72 Cal. App. 4th 249, 254 (1999); Everett Assocs., Inc. v. Transcontinental Ins. Co., 159 F. Supp. 2d 1196, 1201-04 (N.D. Cal. 2001); Doyle v. Safeco Ins. Co. of Am., 2008 WL 5070055, *6 (E.D. Cal. 2008); Redjai v. Hartford Cas. Ins. Co., 2013 WL 12129649, *4 (C.D. Cal. 2013). Plaintiff's negligence claim should be

dismissed with prejudice.

### B. <u>Intentional Tort</u>

Defendant contends Plaintiff's complaint fails to allege facts to support any claim based on an intentional tort. See ECF No. 11-1, pgs. 10-11. The Court agrees. According to Plaintiff:

> Defendants, SAFECO INSURANCE, a LIBERTY MUTUAL Company, doing business as GENERAL INSURANCE COMPANY OF AMERICA; and, SELECT PORTFOLIO SERVICING, Inc. . . . have led Plaintiff on, promising to honor their contract with her and then deliberately refusing to do so following the CARR FIRE. Defendants' actions have been with wanton disregard for Plaintiff's welfare and well-being and for wanton disregard for the care and maintenance of her home, which Defendants contracted with Plaintiff to protect. Defendants' actions have been intentional and have caused Plaintiff physical injury to her health, psychological, emotional and economic.
>
> ECF No. 1, pg. 13.

These allegations fail to identify any intentional tort committed by Defendant. Generally, breaches of contractual promises are resolved under contract law, not tort law, except when the actions that constitute the breach violate social policy meriting the imposition of tort remedies. See <u>Robinson Helicopter Co., Inc. v. Dana Corp.</u>, 24 Cal. App. 4th 979, 991-92 (2004). Here, Plaintiff has not alleged that Defendant's conduct violated social policy.

To the extent Plaintiff is alleging the intentional infliction of emotional distress, the Court also agrees with Defendant that any such claim is subsumed in her breach of contract and bad faith claims. See <u>Pestmaster Services, Inc. v. Travelers Casualty and Surety Company of America</u>, 2013 WL 12147583, *4 (C.D. Cal. 2013).

Plaintiff's intentional tort claim should be dismissed with prejudice.

### C. <u>Breach of Contract</u>

According to Defendant, Plaintiff cannot sustain a claim for breach of contract under California law because she has not proved the existence of a contract. See ECF No. 11-1, pgs. 8-10. The Court agrees. Specifically, while Plaintiff's allegations indicate the existence of a contract for insurance coverage on Plaintiff's home, Plaintiff has not proved the existence of the contract by attaching a copy to her complaint or alleged any facts whatsoever explaining how

1  Defendant breached the terms of the contract or how such breach, if it occurred, caused Plaintiff
2  to suffer damages.  See Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968).  Because it
3  is possible for Plaintiff to cure these defects, Plaintiff's breach of contract claim should be
4  dismissed with leave to amend.

5  **D.    Bad Faith**

6  Defendant argues that Plaintiff cannot sustain a claim for insurance bad faith
7  without first establishing the existence of the insurance contract that has allegedly been breached.
8  See ECF No. 11-1, pgs. 11-12.  The Court agrees.  Under California law, because the implied
9  covenant of good faith and fair dealing derives from the contractual relationship between the
10 insured and insurer, a plaintiff cannot proceed on a bad faith claim without first proving a breach
11 of contract.  See Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (1995).  As discussed
12 above, Plaintiff has not proved the existence of an insurance contract with Defendant.  Therefore,
13 Plaintiff's bad faith claim should be dismissed with leave to amend.

14 **E.    Defamation**

15 Defendant contends Plaintiff's allegations fail to state a claim for defamation.  See
16 ECF No. 11-1, pgs. 13-14.  The Court agrees.  Under California Law, defamation is the
17 intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency
18 to injury or that causes special damage.  See Gilbert v. Sykes, 147 Cal. App. 4th 13, 27 (2007).
19 Here, Plaintiff alleges: "Plaintiff is informed and believes and thereon alleges that Defendants
20 hired persons to spy on her and/or conspired with Plaintiff's neighbors to gather and report any
21 information about Plaintiff with the intent of harming her reputation."  ECF No. 1, pg. 13.
22 Plaintiff has not alleged publication of statements of fact which are false.  More to the point,
23 Plaintiff does not identify what information that is false that Defendant allegedly gathered and
24 reported.  Because Plaintiff has failed to identify the allegedly defamatory statements, Plaintiff
25 has also failed to allege that such statements are not privileged.  Nor has Plaintiff alleged facts to
26 show that any defamatory statements had a natural tendency to injury Plaintiff or actually caused
27 special damages.  Contrary to Defendant's assertion, the Court does not find that it is impossible
28 for Plaintiff to cure these defects.  Plaintiff's defamation claim should, therefore, be dismissed

with leave to amend.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss, ECF No. 11, be granted;

2. Plaintiff's negligence claim be dismissed with prejudice;

3. Plaintiff's intentional tort claim be dismissed with prejudice; and

4. Plaintiff's breach of contract, bad faith, and defamation claims be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE